# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6179 | **DATE** | 3/24/2004 |
| **CASE TITLE** | Crohan vs. Village of Orland Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the attached memorandum opinion, the plaintiff's motion for reconsideration of the court's order of 3/11/04 denying the parties' agreed motion to extend expert discovery [76-1] is denied. Defendant Village of Orland Park's motion to bar plaintiff's expert [75-1] is granted. Plaintiff's revised motion to extend discovery [60-1] is stricken as moot. Previously set dates are to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 25 2004 date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion was distributed to the parties by Judge's staff | | docketing deputy initials | 78 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KAREN CROHAN,                                       )
                                                    )
        Plaintiff,                                 )
                                                    )
v.                                                  )  No. 02 C 6179
                                                    )
VILLAGE OF ORLAND PARK, and                         )
CHIEF OF POLICE, TIMOTHY                            )
MCCARTHY, in his individual and                     )
official capacity, JAMES DOWLING,                   )
GREGORY OKON, and CHARLES                           )
DOLL, in their individual capacity,                 )
                                                    )
        Defendants.                                )

DOCKETED MAR 25 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion to reconsider our order issued on March 11, 2004. On March 11, 2004, we denied Plaintiff's motion to extend expert discovery. Defendant Village of Orland Park has also filed a motion to bar Plaintiff's expert witness.

## DISCUSSION

A district court has broad discretion in determining whether it should impose sanctions for discovery violations. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 495

1

(7th Cir. 1996)(stating that "[a] district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes");*Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1295 (7th Cir. 1993)(upholding district court's barring of expert testimony because of failure to comply with discovery deadline).

In this case we have given Plaintiff ample opportunities to complete fact and expert discovery and it is due to her own inaction and delay that she is now unable to present an expert witness. Over eight months ago on June 17, 2003 Judge Darrah, the prior judge in this case, stated that all discovery had to be completed by December 31, 2003. Plaintiff waited until one day before the expiration of discovery to motion up a motion for an extension of the discovery deadline. Plaintiff clearly could not have complied with the discovery deadline and produced a witness if she was not granted an extension at that juncture. On January 5, 2004, we denied Plaintiff's motion to extend expert discovery, but on January 20, 2004, we granted the Plaintiff's motion for reconsideration and granted Plaintiff's motion to extend discovery deadlines and gave Plaintiff until January 30, 2004 to disclose and serve her expert's report and until March 1, 2004 to present her expert for a deposition. Despite the extension Plaintiff produced for Defendants an incomplete and unsigned report by the end of January.

On February 23, 2004, Defendants appeared before the court on their motion to compel the deposition of Plaintiff's expert. Plaintiff refused to produce the expert in Chicago for an in-person deposition and Plaintiff insisted that the deposition be

conducted in California or else by a teleconference link. We granted Defendants' motion to compel and held that Plaintiff was required to produce the expert witness in Chicago. A deposition was apparently scheduled for February 27, 2004. Defendants never cancelled or continued the deposition of Plaintiff's expert scheduled on February 27, 2004. However, Plaintiff did not produce her expert. Plaintiff claims that her expert was unable to travel between the date of the ruling on February 23, 2004, and the expiration of discovery. Plaintiff did not bring an emergency motion seeking relief from the court based on the illness of her expert.

Instead Plaintiff waited until March 4, 2004, which was after the discovery deadline to seek an extension to produce her expert witness. Defendants correctly point out that this case is a gender discrimination and retaliation case and there is no reason why Plaintiff will be precluded from succeeding at trial absent an expert witness as in other types of cases such as medical malpractice cases.

We also find that an extension of discovery deadlines is not warranted because the circumstances in this case indicate that Plaintiff's counsel has engaged in gamesmanship. In the most recent round of extension requests by Plaintiff's counsel in court Plaintiff's counsel made references to the illness of her expert. However, she failed to indicate to the court that she recently realized her expert had health problems or that these deposition travel issues were unforseen by Plaintiff's counsel. Plaintiff's counsel apparently expected to produce her expert at the last moment and expected the court and Defendants to be forced to accommodate her.

3

This is consistent with the prior conduct of Plaintiff's counsel. As we indicated above, she requested a discovery extension a day before the discovery deadline and then asked for an extension again after the expiration the discovery deadline, expecting the court to accede to her wishes because of the dilemma that her client would be placed in. Plaintiff's counsel's version of the past events in this case is self-serving and is simply an attempt to rewrite history. For example Plaintiff contends that she was willing to produce her expert in Chicago in early February if Defendants had noticed the deposition and criticizes Defendants for "failing to take her deposition in the early part of February." (Mot. 9). However, Plaintiff's expert's doctor's note states that the expert has been ill since the end of January which indicates that Plaintiff's assertion that her expert could have come to Chicago in February is disingenuous.

We ruled that Plaintiff must produce the expert in Chicago, and were we to grant an extension Plaintiff's counsel would be allowed to prolong this issue further. Perhaps, Plaintiff's counsel hopes that she can extort a concession from the Defendants getting them to agree to travel to California or agree to a teleconference deposition in order to move the case along. Defendants Village of Orland Park and Timothy McCarthy claim that they will be prejudiced if they are not allowed a face to face deposition and we agree.

Plaintiff's counsel has been vague in court regarding her expert's health status and has not provided the court with the basis of her belief that her expert will be in

Chicago for a possible trial. Also, Plaintiff's counsel failed to indicate in open court that there was any expected end to the disabling aspects of her expert's illness when her expert would be able to travel. Were we to grant her extension we would only be forced to grant future extensions while we await the status of Plaintiff's expert or until Defendants concede to a California deposition or teleconference and Plaintiff is thus able to circumvent the court's order that Plaintiff produce the expert in Chicago. A similar problem may arise when we attempt to conduct a trial. Plaintiff refers to her expert's illness in her reply brief as a "serious medical condition," but fails to explain why she is convinced that the illness will only "temporarily" delay her witness from traveling to Chicago. (Reply 3). Plaintiff's Expert's physician indicates in his note that her expert is not responding to antibiotics and is in a "weakened condition." The physician further states that he is "unable to say when she will be well enough to travel." Plaintiff even acknowledges in her motion the possibility that her expert may not be able to travel to Chicago for a deposition or for the trial in the future and states that if her "expert is unable to travel, Plaintiff is willing to try and locate another expert." (Mot. 4). Plaintiff's counsel had a responsibility to address this issue long ago and we will not allow her to postpone these proceedings any longer. Discovery was first set to close at the end of December 2003, and it is now the end of March 2004, and we are still being bombarded by extension requests and motions for reconsideration by Plaintiff. This case will proceed and will not be delayed any longer. It is unfortunate that

5

Plaintiff's expert is ill. However, we already extended discovery for Plaintiff once and we shall not delay the progress of this case any longer, especially in light of the fact that the difficulties faced by Plaintiff are the result of her counsel's own lack of diligence and gamesmanship.

## CONCLUSION

Based on the foregoing analysis we deny Plaintiff's motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 24, 2004